**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE, DIVISION**

In re: Case No. 09-0877-PMG

MARK DIXON
Debtor

______________________

**CHAPTER 13 PLAN**

The debtor submits the following Chapter 13 Plan:

1. The future earnings of the debtor are submitted to the supervision and control of the Trustee, and the debtor shall pay to the Trustee the sum of **$711.00** per month for months one (1) through twenty-four (24); and **$575.00** per month for months twenty-five (25) through sixty (60).

2. From the payments so received, the Trustee shall make disbursements as follows:

**A. <u>Priority Claims</u>**

(1.) The fees and expenses of the Trustee shall be paid over the life of the Plan as set by the United States Trustee.

(2.) Debtor owes attorney fees to **KING & DOLAGHAN, P.A**., in the amount of **$2,935.00,** which the trustee shall pay at a rate of **$122.29** per month for months one (1) through twenty-four (24) until paid in full.

**B. <u>Secured Claims</u>**

**1. GREEN TREE** holds a first mortgage on debtor's principal residence. The Trustee shall make the regular monthly payments of **$320.00** over the life of the plan (or such other monthly payment as may be required due to interest rate adjustments or changes in escrow). The debtor is currently in arrears on the mortgage in the amount of **$3,154.37,** which the Trustee shall pay **$52.57** per month over the life of the plan until any arrearage is cured. Arrearage includes the February 2009 payment.

**2. SOVEREIGN BANK** holds a lien on the debtor's 1999 Chevrolet Silverado 1500 in the amount of **$7,459.00**, which the Trustee shall pay at the rate of **$144.23**

(at 6%) per month over the life of the plan, for a total of **$8,653.80** , to pay this creditor in full satisfaction of this debt.

**3. AMERICAN HONDA FINANCE** has a secured lien on debtor's 2007 Honda 4 wheeler. The debtor no longer as custody of the collateral as the collateral was stolen; the debtor therefore surrenders any interest in the collateral and intends to treat this claim as an unsecured claim.

**4. AMERICAN HONDA FINANCE** has a secured lien on debtor's 2006 Honda 4 wheeler. The debtor no longer as custody of the collateral as the collateral was stolen; the debtor therefore surrenders any interest in the collateral and intends to treat this claim as an unsecured claim.

**C. Unsecured Claims** Unsecured creditors, including those secured creditors who have deficiency claims or whose liens have been avoided and whose claims are filed timely and are allowed shall receive a distribution pro-rata.

3. Any claims filed after June 15, 2009,(other than governmental units) shall not receive a distribution under this plan unless specifically provided for above.

4. All creditors shall retain their liens to the extent permitted by 11 U.S.C. Section 506(d).

5. The debtor does not reject any executory contracts.

6. Title to the property of the estate shall revest in the debtors upon discharge of this plan.

7. *Except as provided for in the plan, the order confirming the plan or other court order, no interest, late charges, penalties or attorney's fees will be paid or accessible by any secured creditor. 11U.S.C. Section 1327(a) provides:*

*" The provisions of a confirmed plan bind the debtors and each creditor, whether or not the claim of such creditor provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."*

*Confirmation of the plan shall impose an affirmative duty of the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtors to do all of the following:*

*(1.) To apply the payments received from the trustee on the prepetition arrearages, if any, only to such arrearages. For purposes of this plan, the "prepetition" arrears shall include all sums included in the "allowed" proof of claim and shall have a zero balance upon the entry of the Discharge Order in this case.*

*(2.) To deem the prepetition arrearages as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the prepetition default of defaults.*

*(3.) To apply the direct post-petition monthly mortgage payments paid by the trustee or by the Debtors to the month in which each payment was designated to be made under the plan or directly by the Debtors, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense ,forbearance, or similar account.*

***ANY POST PETITION COSTS OR EXPENSES INCURRED BY OR ON BEHALF OF ANY SECURED CREDITOR WILL BE DISCHARGED UPON COMPLETION OF THE DEBTOR'S PLAN, UNLESS SPECIFICALLY PROVIDED FOR IN THE CONFIRMATION ORDER, OR BY FURTHER ORDER OF THE COURT ON MOTION FILED PRIOR TO THE COMPLETION OF THE PLAN.***

DATED: This 20th day of February 2009.

KING & DOLAGHAN, P.A.

/s/ T. Eileen Dolaghan

T. Eileen Dolaghan
edolaghan@msn.com
Florida Bar Number 0193844
2219 Park Street
Jacksonville, Fl 32204
904/387-9886; Fax 904/387-9862
Attorney for Debtor